PROST; Circuit Judge,
dissenting.
I respectfully disagree with several aspects of the majority’s claim construction in this case. I would affirm the decision of the district court, because I agree with its constructions of “first pivot point” (as I understand that construction), “adjacent,” and “a cable linking.”
With respect to the “first pivot point,” I believe the majority has been misled by Free Motion’s characterization of the district court’s claim construction. Although the district court’s opinion is admittedly somewhat unclear on this point, I do not share the majority’s belief that the district court relied on the word “first” to denote spatial location, rather than to distinguish the pivot point on the “first extension arm” from the one on the “second extension arm.” Such a holding would obviously have been incorrect. I fully agree with the majority that “first” and “second” are used in claim 1 according to the “common patent-law convention to distinguish between repeated instances of an element or limitation,” 3M Innovative Properties Co. v. Avery Dennison Corp., 350 F.3d 1365, 1371 (Fed.Cir.2003), but I think the district court understood this, too.[1] Free Mo *1354 tion has portrayed the district court’s holding in a different way in order to set up an easy target to attack on appeal. As Cybex argues, identifying the “first pivot point” as “the first in location among a series of pivot points” “was not the district court’s ruling, and [Free Motion]’s argument against it is meaningless.”
An alternative reading of the district court’s construction is consistent with the conventional use of “first” and “second.” Specifically, I understand the court to have concluded, based on the context of the claim and the written description, that the position of the first and second pivot points was limited. The court’s coincidental use of the word “first” to describe that particular position (“first chronological point about which the arm turns”) understandably caused some confusion over whether the court correctly interpreted the word “first” in the claim. But I read the district court’s holding as not based on the word “first”; its interpretation applies equally to the “second pivot point,” such that it would have been entirely consistent (and somewhat redundant) for the court to have inserted “and the second pivot point is chronologically the first point that pivots on the end of the second extension arm where the arm is supported by the frame.”
Several pieces of intrinsic evidence support this construction. The specification places the “first pivot point” where the first end of the first extension arm is “pivotally supported adjacent the resistance assembly.” Where there are multiple pivot points, only the pivot point nearest the resistance assembly can pivotally support the entire arm. Moreover, as discussed in more detail below, “adjacent” should be construed as “relatively near and having nothing of the same kind intervening.” With that construction in mind, the context of the claim makes it indisputably clear that the first and second pivot points are, as the district court held, “on the end of the extension arm where the arm is supported by the frame.” Even if the majority’s interpretation of the district court’s claim construction is correct, I would still affirm the judgment of nonin-fringement based on my belief that the claim context and written description restrict the “first pivot point” and “second pivot point” to particular locations.
I also think the district court properly selected the appropriate dictionary definition of “adjacent.”[2] As the majority states, a claim term does not “presumptively receive its broadest dictionary definition or the aggregate of multiple dictionary definitions^]” Ante at 1349. When I “scrutinize the intrinsic evidence in order to determine the most appropriate definition[,]” id., I find nothing that supports a meaning as broad as “not distant.” I only find support for “relatively near and having nothing of the same kind intervening.” Nothing in the specification describes a pivot point that has another pivot point between it and the resistance assembly as “adjacent” to the assembly. Such a disclosure would be necessary to convince me that the broader definition should apply.
Moreover, the narrower definition appears more consistent with ordinary English usage. For example, Connecticut is near New Jersey, but one does not describe them as “adjacent.” A part of another state, New York, lies in between. One also normally refers to contiguous squares on a checkerboard as “adjacent” to each other, but the space two squares away is not considered “adjacent,” even though it is relatively “near.”
*1355 The majority’s reasoning appears to start with the broadest definition and consult the written description only to see if that definition is narrowed, rather than determining whether the specification discloses anything broader than the narrow definition. Phillips v. AWH Corp. explains:
The problem is that if the district court starts with the broad dictionary definition in every case and fails to fully appreciate how the specification implicitly limits that definition, the error will systematically cause the construction of the claim to be unduly expansive. The risk of systematic overbreadth is greatly reduced if the court instead focuses at the outset on how the patentee used the claim term in the claims, specification, and prosecution history, rather than starting with a broad definition and whittling it down.
415 F.3d 1303, 1321 (Fed.Cir.2005) (en banc). The majority’s approach, in my view, does not attempt to determine what the inventor actually invented, but rather takes the broadest available abstract meaning of a claim term that is not explicitly rejected by the specification. This approach allows the claim scope to extend beyond what the inventor’s written description and claims show to be his actual invention. Free Motion’s inventor came up with a specific structure that he described and claimed. By deviating from the meaning of “adjacent” that is most closely aligned with all the examples in the specification, the majority awards him more than he actually invented and claimed.
As the accused products lack a “first pivot point” and “second pivot point” that are “adjacent the resistance assembly,” I would affirm the district court’s judgment of noninfringement. Such a decision would not require interpreting the “cable” term.
For the record, though, I do not share the majority’s desire to overrule the district court’s interpretation of that term. The majority relies on Cybex’s admission that “a” or “an” typically means “one or more” in an open-ended “comprising” claim. Ante at 1350. However, it should be noted that Cybex’s counsel was only acknowledging our precedent on the use of indefinite articles. He did not go so far as to “suggest[ ] that the claim term ‘a linking cable’ normally should be interpreted to mean one or more cables.” Id. Counsel made no concession about the claim language at issue here, which includes the word “linking”; the ’061 patent claims “a cable linking” the arms and the resistance assembly. A cable that is only one of several would not “link” these things because other cables would also form part of the connection. “A cable linking” means that the cable is linking the specific things that follow in the claim text. That is, it must be attached to each of those things.
Additionally, the majority is simply wrong to state that the written description supports a multi-cable construction. There are no references to any structure with multiple “cables linking” the arms to the resistance assembly. In fact, the written description states that both disclosed embodiments of the invention employ “a single cable.” ’061 patent, col. 3, 11. 11-13, 39-41 (“functional lift exercise” embodiment); col. 5, 11. 47-48 (“cable crossover exercise” embodiment) (emphasis added). The patent does not suggest that multiple cables could “link” the arms to the resistance assembly. The disclosure of “a single cable” in each embodiment and the requirement of this cable “linking” the arms to the resistance assembly distinguishes this case from the precedent cited by the majority, in which “a” or “the” was presumed to mean “one or more” when used in a “comprising” claim. See KCJ Corp. v. Kinetic Concepts, Inc., 223 F.3d *1356 1351, 1355-57 (Fed.Cir.2000); AbTox, Inc. v. Exitron Corp., 122 F.3d 1019, 1023-24 (Fed.Cir.1997). This case is more like Insituform Technologies, Inc. v. Cat Contracting, Inc., in which this court construed “a cup” and “the cup” as singular when a plural construction was inconsistent with the claim context and “neither the specification nor the drawings disclose^] more than one cup.” 99 F.3d 1098, 1105-06 (Fed.Cir.1996); see also N. Am. Vaccine, Inc. v. Am. Cyanamid, 7 F.3d 1571, 1575-76 (Fed.Cir.1993) (construing “a ... linkage to a terminal portion of the polysaccharide without significant crosslinking” as singular because “there is no indication in the patent specification that the inventors here intended [the article ‘a’] to have other than its normal singular meaning” and “[a]ll references to polysaccharide linkages speak of a linkage, not multiple linkages”).
I would also affirm the district court’s application of prosecution history estoppel on the basis provided by that court. The court specifically held that “Free Motion is estopped from asserting that [the] perpendicular orientation [of the axes of rotation in the accused devices] is equivalent to the ‘substantially parallel’ element of the patents-in-suit.” I agree with that determination, as far as it goes. Under my view of the “pivot point” and “adjacent” issues, it goes far enough to affirm the judgment of noninfringement, and therefore I express no opinion on the majority’s disclaimer-of-scope analysis.
For these reasons, I respectfully dissent.

. Like the majority, I confine my discussion to claim 1 of the '061 patent. See ante at 1345, n. 1. Free Motion does not present any additional arguments in its appeal regarding the other asserted claims.

. In this case, the parties only advocate constructions of "adjacent” based on dictionary definitions.